**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

**MICHAEL ANTHONY MORALES,**

**Plaintiff,**

**v.**

**WARDEN GREEN, et al.,**

**Defendants.**

**Case No. 25-CV-0274-RAW-JAR**

**OPINION AND ORDER**

Plaintiff Michael Anthony Morales ("Morales"), appearing *pro se* and proceeding *in forma pauperis*, brings this federal civil rights action pursuant to 42 U.S.C. § 1983. Dkt. 1. Before the court is Defendants Green and Parker's Motion to Dismiss ("Motion"). Dkt. 30. Morales filed a response in opposition to the Motion. Dkt. 40. After careful review, the Court finds that the Motion should be granted in part and denied in part.

**BACKGROUND**

Morales is currently incarcerated at the Oklahoma State Penitentiary. Morales filed this civil rights complaint, pursuant to 42 U.S.C. § 1983, seeking relief for alleged constitutional violations which occurred at Mack Alford Correctional Center in Stringtown, Oklahoma. *See* Dkt. 1 at 5-6.[1] Morales alleges that on September 29, 2025, Defendants Dordy and Parker "broke [his] arm, wrist and stab[b]ed him." *Id.* at 5. Morales further alleges that Defendants Dordy and Parker

---

[1] Morales does not allege he is suing any of the Defendants in their official capacities or provide any allegations from which the Court could liberally construe an official-capacity claim. *See* Dkt. 1 at 3-4; *see also* Dkt. 1, *generally*. Therefore, the court construes Morales's Complaint as suing the named Defendants in their individual capacities only.

engaged in this conduct because they are white and he is "a Mexican brown skinned person of color[.]" *Id.* at 6. Morales named Green, Parker and Dordy as defendants in this suit.[2]

Defendants Green and Parker responded to the Complaint with the filing of a Special Report (Dkt. 29) and the above-mentioned Motion (Dkt. 30). Defendants Green and Parker moved to dismiss Morales's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing Morales failed to properly exhaust his administrative remedies, he failed to state a claim upon which relief may be granted, and they are entitled to qualified immunity. *See* Dkt. 30. As noted, Morales filed a response in opposition. *See* Dkt. 40.

## ANALYSIS

### I. Standard of Review

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint should be dismissed for failure to state a claim upon which relief can be granted "only when it appears that the plaintiff can prove no set of facts in support that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quoting *Yoder v. Honeywell, Inc.*, 104 F.3d 1215, 1224 (10th Cir. 1997)). When determining whether to grant a motion to dismiss, the district court is limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint. *Jojola v. Chaves,* 55 F.3d 488, 494 (10th Cir. 1995). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs*, 336 F.3d at 1201 (internal quotations and citations omitted).

---

[2] The court's citations refer to the CM/ECF header pagination.

A request for dismissal pursuant to Rule 12(b)(6) requires the court to determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court is required to exercise a liberal interpretation of Plaintiff's pleadings, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the court need not assume the role of advocate for Plaintiff, and he must present more than conclusory allegations to survive a motion to dismiss for failure to state a claim, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Id.* (citing cases). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.*

## II. The Special Report

Defendants Green and Parker lead with the contention that Morales failed to properly exhaust his administrative remedies to pursue the instant claims, and the Defendants rely upon their Special Report. *See* Dkts. 29 and 30. Critically, the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") has explained that courts may consider a *Martinez* Report[3] in dismissing a claim for frivolity, *Hall*, 935 F.2d at 1108-09, but typically not for determining the sufficiency of the complaint under Rule 12(b)(6), *Gee v. Pacheco,* 627 F.3d 1178, 1186 (10th Cir.

[3] A Special Report or a "*Martinez* Report is an investigative report meant to enable the trial court to decide … jurisdictional issues and make a determination of frivolity by helping the court determine which facts alleged in the complaint are relevant, accurate, and subject to bona fide dispute." *Martin v. Schnurr*, Case No. 26-3005, 2026 WL 1194984, at *1 (10th Cir. May 1, 2026) (internal quotations and citations omitted).

2010).[4] *See Martin v. Schnurr*, Case No. 26-3005, 2026 WL 1194984, at *4 (10th Cir. May 1, 2026) (unpublished).[5] "[U]nless the court uses a *Martinez* Report to determine whether a complaint is frivolous, it may consider the Report only to determine whether to enter summary judgment." *Id.*; *see Reed v. Dunham*, 893 F.2d 285, 287 n.2 (10th Cir. 1990) (explaining that a requested disposition of a claim premised upon materials contained in a *Martinez* Report "should be treated as a motion for summary judgment, with due regard for the requirements of notice and opportunity to respond specified in Fed. R. C[iv]. P. 56"); *see also Gee*, 627 F.3d at 1186 (citing cases).

Here, Defendants Green and Parker rely on the Special Report to support their contentions that Morales did not state a plausible claim for relief or exhaust administrative remedies. *See e.g.,* Dkt. 30 at 3-8 (arguing Morales did not exhaust his claims and citing to the Special Report); *see also id.* at 10-12 (arguing Morales's excessive force claim fails based on the information contained in the Special Report). Such reliance on the Special Report under Rule 12(b)(6) is improper. The court cannot resolve Defendants' exhaustion argument and other contentions without reviewing the Special Report and its attachments. "Generally, the sufficiency of a complaint must rest on its contents alone." *Gee,* 627 F.3d at 1186. Accordingly, the court declines the Defendants' invitation to weigh potential evidence at the Rule 12(b)(6) juncture.

---

[4] While there are limited exceptions to the general rule that "the sufficiency of a complaint must rest on its contents alone," the contents of *Martinez* Reports typically do not fall within these exceptions. *Gee,* 627 F.3d at 1186 ("*Martinez* reports are not within the exception unless 'the plaintiff challenges [the constitutionality of] a prison's policies or established procedures and the *Martinez* report's description of the polices or procedures remains undisputed after plaintiff has an opportunity to respond.'" (quoting *Hall*, 935 F.2d at 1112)).

[5] The court cites all unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Nor have the Defendants filed, in the alternative, a motion for summary judgment. *See Jones v. Cannon*, 589 F. App'x 849, 854 (10th Cir. 2014) (finding "nothing improper about the form" of a motion that sought relief under Rule 12(b)(6) for failure to state a claim or, in the alternative, under Rule 56 for failure to exhaust administrative remedies). Therefore, the court declines to convert the Defendants' Motion to a summary judgment motion for them. In all, the court will not consider the Special Report in its analysis of the Defendants' Motion and the sufficiency of Morales's Complaint.

**III. Defendants' Exhaustion Argument**

As it relates to Morales's claims that Defendants Parker and Dordy used excessive force and discriminated against him, Defendants Green and Parker argue, "[a]ccording to a grievance specialist with the ODOC's Administrative Review Authority, [Morales] failed to complete the grievance appeal process regarding any of the issues before the Court." Dkt. No. 30 at 7 (citing to Dkt. 29-5).

"[F]ailure to exhaust is an affirmative defense under the [Prison Litigation Reform Act ("PLRA")], and [] inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007); *see also Revilla v. Glanz*, 8 F. Supp. 3d 1336, 1345 (N.D. Okla. 2014) ("[D]ismissal is not appropriate for a failure to plead such exhaustion."). "The burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007). "Dismissal under § 1997e(a) for failure to exhaust administrative remedies therefore cannot usually be made on pleadings without proof." *Culp v. Williams*, No. 10–CV–886–CMA, 2011 WL 1597953, at *2 (D. Colo. Apr. 6, 2011) (unpublished) (citations omitted).

The court acknowledges Morales provides various documents including requests to staff, grievances and an appeal to the Administrative Review Authority. *See* Dkts. 16 and 40. The court, however, will not search the record, as would be required here, to determine whether each of Morales's multiple claims are properly exhausted; especially since Morales is not required to demonstrate exhaustion in his complaint. *See Tate v. Statco Eng'g and Fabricators, Inc.*, 2013 WL 6185476, n.4 (E.D. Okla. Nov. 25, 2013) (unpublished) ("[T]he parties are reminded that the Court has no duty to search the record in an attempt to locate the facts necessary to validate unsupported contentions."); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (noting court cannot search record for facts to create an argument for a pro se litigant); *Murphy v. City of Tulsa*, 295 F. Supp. 3d 1221, 1230 (N.D. Okla. 2018) ("The court will not 'search[ ] through the record on plaintiff's behalf ... to compile the relevant facts.") (quoting *Stallings v. Werner Enters., Inc.*, 598 F. Supp. 2d 1203, 1210 (D. Kan. 2009)).[6]

Therefore, given the court is unwilling to search the Complaint and supporting documents on the parties' behalf and that the court will not consider the Special Report at the 12(b)(6) stage, the court cannot resolve Defendants' exhaustion argument at this time. Therefore, the Motion is denied to the extent it relies on the Special Report and an exhaustion affirmative defense.

**IV. Defendant Green**

Defendant Green contends dismissal of the claims asserted against her is proper because Morales failed to allege Green was personally involved in any of the alleged constitutional violations. *See* Dkt. 30 at 8-10. The court agrees.

---

[6] Although courts must liberally construe a pro se litigant's pleadings, *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992), "we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall*, 935 F.2d at 1110.

To the extent Morales intends to assert an excessive force claim or discrimination claim against Green, based upon personal liability, Morales has not shown that Green personally participated in the alleged constitutional violation. *Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011) ("Personal liability under § 1983 must be based on personal involvement in the alleged constitutional violation." (internal quotation and citation omitted)); *see also* Dkt. 1.

To the extent Morales's claims against Green are premised upon a theory of supervisory liability, Morales must show that (1) Green promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation. *Brown*, 662 F.3d at 1164. Morales fails to identify any policy that caused the excessive force or discrimination, let alone one that was created by Green or that Green possessed responsibility for its continued operation. For these reasons, Morales does not state an excessive force claim or discrimination claim against Green, in her individual capacity. The Motion is granted, in part, as it relates to Morales's claims against Green, and Morales's claims against Green shall be dismissed for failure to state a claim upon which relief may be granted.

## V. Excessive Force Claim Against Defendant Parker

Morales contends Defendant Parker broke his arm and wrist and stabbed him. Dkt. 1 at 5. The court understands Morales to be presenting an excessive force claim. *See id.* To support his position that this claim fails, Defendant Parker argues,

> [T]he incident in question was investigated and documented in incident reports. [] Although Dority was determined to have used unnecessary force, the Investigation concludes Parker merely responded to the incident between Dority and Morales and acted in good faith. Parker's mere presence and rendering of aid does not rise to the level of a constitutional violation.

Dkt. 30 at 11. Defendant Parker cites to the Special Report to support his argument. *See id.* As noted above, the court cannot consider the Special Report at this juncture.

Furthermore, Defendant Parker does not engage in any meaningful analysis of the elements of an excessive force claim and Morales's allegations. *See* Dkt. 30 at 10-12. Therefore, the Motion is denied, in part, as it relates to Defendant Parker's request to dismiss Morales's excessive force claim pursuant to pursuant to Rule 12(b)(6). Nevertheless, pursuant to the court's § 1915(e)(2)[7] obligations, the court will address whether Morales states an excessive force claim against Defendant Parker.

The use of excessive force against a prisoner can constitute cruel and unusual punishment forbidden by the Eighth Amendment. *Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2003). The test for such a claim "involves two prongs: (1) an objective prong that asks if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation, and (2) a subjective prong under which the plaintiff must show that the officials acted with a sufficiently culpable state of mind." *Id.* (alteration and internal quotation marks omitted). The objective element is "contextual and responsive to contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (internal quotation marks omitted). The subjective element "turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Smith*, 339 F.3d at 1212 (internal quotation marks omitted). "The Eight Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided

[7] Because this court granted Morales leave to proceed *in forma pauperis* (Dkt. 6), this court has a continuing obligation to dismiss this action "at any time" if the complaint—"(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9-10. However, "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *Id.* at 9.

Here, Morales alleges Defendant Parker stabbed him, "beat [him] and broke bones in his arm and wrist." Dkt. 1 at 5-6. These allegations are sufficient to satisfy the objective component of an Eighth Amendment claim. *See Hudson*, 503 U.S. at 10 (finding "bruises, swelling, loosened teeth, and a cracked dental plate[] are not *de minimis* for Eighth Amendment purposes"). Morales further alleges that Defendant Parker injured him "because he is a Mexican brown skinned person of color." Dkt. 1 at 6. It can reasonably be inferred from this allegation that Defendant Parker acted for the purpose of causing harm rather than restoring discipline. *See Smith*, 339 F.3d at 1212. Thus, the subjective component likewise is satisfied. Viewing the allegations in the light most favorable to Morales at this stage of the proceeding, the court concludes Morales has stated an excessive-force claim against Defendant Parker and additional development of the factual record is necessary.

## VI. Discrimination Claim Against Defendant Parker

Next, Morales alleges Defendant Parker "beat [Morales] and broke bones in his arm and wrist because he is a Mexican brown skinned person of color" and the defendants are white. Dkt. 1 at 6. Defendant Parker did not address the sufficiency of Morales's allegations. *See* Dkt. 30. Therefore, the Motion is denied, in part, as it relates to Defendant Parker's request to dismiss Morales's discrimination claim pursuant to pursuant to Rule 12(b)(6). Pursuant to § 1915(e)(2), the court will address whether Morales states a discrimination claim against Defendant Parker.

The court understands Morales to be asserting a discrimination claim, premised upon the Fourteenth Amendment against Parker. *See Williams v. Carbajol*, 20-CV-2119-NYW, 2021 WL

5579114, at *6 (D. Colo. Nov. 30, 2021) (unpublished) (construing pretrial detainee's discrimination claim as an equal protection claim). The Equal Protection Clause requires that "all persons similarly circumstanced shall be treated alike." *F.S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920); *see also Fogle*, 435 F.3d at 1260 ("Equal protection is essentially a direction that all persons similarly situated should be treated alike."). "A violation of equal protection occurs when the government treats someone differently than another who is similarly situated." *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence*, 927 F.2d 1111, 1118 (10th Cir. 1991). To state a race-based equal protection claim, "[a] plaintiff must sufficiently allege that defendants were motivated by racial animus." *Phelps v. Wichita Eagle–Beacon*, 886 F.2d 1262, 1269 (10th Cir. 1989). Here, to the extent Morales alleges his constitutional rights were violated because he is "a Mexican brown skinned person of color," Morales fails to allege any specific facts demonstrating a racial animus. Instead, he merely identifies his race and the authorities' race. Dkt. 1 at 6. Lacking from Morales's Complaint is any allegation demonstrating racial animus or discriminatory treatment.

To the extent Morales presents a "class of one" claim as "a Mexican brown skinned person of color" (Dkt. 1 at 6), Morales must allege that "others, 'similarly situated in every material respect' were treated differently." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011) (quoting *Jicarilla Apache Nation v. Rio Arriba Cnty.*, 440 F.3d 1202, 1210 (10th Cir. 2006)). The burden on a plaintiff to show similarity in class-of-one cases is "exacting," as it is "exceedingly difficult to demonstrate that any difference in treatment is not attributable to a quirk of the plaintiff or even to the fallibility of administrators whose inconsistency is as random as it is inevitable." *Shifrin v. Toll*, 483 F. App'x 446, 449 (10th Cir. 2012). Morales does not include any allegations that an individual similarly situated in every material respect was treated differently by

Defendant Parker. Therefore, Morales's class-of-one equal protection claim does not state a claim upon which relief may be granted. Regardless of how it is construed, the court dismisses, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Morales's equal protection claim against Defendant Parker.

## VII. Qualified Immunity

The only claim that survives the court's § 1915(e)(2)(B)(ii) screening is Morales's claim against Defendant Parker based on Parker's use of excessive force. *See* Dkt. 1 at 5. Parker contends he is entitled to qualified immunity. Dkt. 30 at 12-15. The Tenth Circuit provides the following guidance concerning a qualified immunity defense at the motion to dismiss stage:

> [T]o survive a motion to dismiss based on qualified immunity, a plaintiff "must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights, and that those rights were clearly established at the time." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008).
>
> But to trigger the plaintiff's two-part burden, a defendant must first "adequately present" the qualified-immunity defense. *Tillmon v. Douglas County*, 817 F. App'x 586, 589 (10th Cir. 2020); *see Gomez v. Toledo*, 446 U.S. 635, 640–41 (1980) (holding that "the burden of pleading" a qualified-immunity defense "rests with the defendant"). And to adequately present the defense, the defendant must not only explicitly raise it, *see Montoya v. Vigil*, 898 F.3d 1056, 1063–64 (10th Cir. 2018), but must also plead the defense beyond a "perfunctory assertion," *Tillmon*, 817 F. App'x at 590. Accordingly, where a defendant makes only a bare assertion of qualified immunity, the plaintiff bears no burden to satisfy the ordinary two-prong test. *See id.*; *A Brighter Day, Inc. v. Barnes*, 860 F. App'x 569, 575 (10th Cir. 2021) (holding that a defendant's "qualified-immunity argument was underdeveloped" where it "contain[ed] mostly general legal statements and empty platitudes").

*Berryman v. Niceta*, 143 F.4th 1134, 1140-41 (10th Cir. 2025). Here, all Parker offers is, "Plaintiff can't meet his burden of establishing that Defendants' conduct was in any way unconstitutional or that the law was clearly established that Defendants' conduct was unconstitutional. Defendants are therefore entitled to qualified immunity." Dkt. 30 at 14-15. This argument falls short of adequately presenting a qualified immunity defense. Parker has only made a bare assertion of qualified immunity rendering Morales without any obligation to satisfy the two-prong test at this

juncture. For these reasons, the court concludes Defendant Parker's qualified immunity defense is insufficient to defeat Morales's excessive force claim at this juncture.

**VIII. Defendant Dordy**

The Court *sua sponte* considers Defendant Dordy's status in this case. On November 25, 2025, the court extended the time to serve the defendants to January 23, 2026. Dkt. No. 12 at 2. On November 25, 2025, the Court Clerk issued a summons to Dordy. Dkt. 14. On February 3, 2026, the summons was returned unexecuted with the notation, "Mr. Dordy is deceased." Dkt. 20 at 1.

Rule 4(m) of the Federal Rules of Civil Procedure prescribes that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If, however, "the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

Here, Morales has not requested the court extend the time for service beyond January 23, 2026, nor has Morales filed a motion to substitute. *See* Fed. R. Civ. P. 4(m); *see also* Fed. R. Civ. P. 25(a)(1). Accordingly, the court hereby provides Morales notice that, absent a showing of good cause for his failure to serve Defendant Dordy, or a properly substituted party, the court shall dismiss the claims against Defendant Dordy without prejudice under Rule 4(m).

**CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendants Green and Parker's Motion to Dismiss (Dkt. 30) is **GRANTED IN PART** and **DENIED IN PART**. The Motion to Dismiss is granted as it relates to Defendant Green's request to dismiss Morales's claims asserted against her. The

Motion to Dismiss is denied as it relates to Defendant Parker's request to dismiss Morales's claims asserted against him.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Morales's discrimination claim against Defendant Parker is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Morales may proceed with his excessive force claim against Defendant Parker.

**IT IS FURTHER ORDERED** that Defendant Parker shall file his answer to Morales's Complaint within fourteen (14) days of the date of this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **terminate** the following party Defendant: Green.

**IT IS FURTHER ORDERED** that, within fourteen (14) days from the date of this Order, Morales shall **show cause** in writing why his claims against Defendant Dordy should not be dismissed without prejudice pursuant to Rule 4(m) for failure to effect timely service of Defendant Dordy, or a properly substituted party. In the absence of an adequate showing, the action will be dismissed without further notice.

**DATED** this 12th day of November, 2026.

Ronald A. White

HONORABLE RONALD.A WHITE
UNITED STATES SENIOR DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA